IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dwight Freeman,                                          :

                 Plaintiff                   :        Civil Action 2:05-cv-1085

  v.                                                      :        Judge Holschuh

Reginald Wilkerson, *et al.*,                            :        Magistrate Judge Abel

              Defendants                :


### Report and Recommendation

Plaintiff Dwight Freeman, an inmate currently incarcerated at the Southern Ohio Correctional Facility, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge on defendants Wilkinson, Berry, Scott, Gilbert, Windon, Ross, Hicks, Black, Burson, Cain, and Park's April 7, 2006 motion for judgment on the pleadings (doc. 22).

<u>Allegations in the Complaint</u>. The complaint alleges that on June 17, 2005 Freeman was incarcerated in the Local Control Isolation Area at the Mansfield Correctional Institution.  The extraction team was called to remove him to another cell. Defendant Correctional Officer Ross, without provocation or cause, bent Freeman's left hand and broke a bone.  Defendant Nurse Diane Burson acted with deliberate indifference when she saw swelling in Freeman's left hand but failed to see that he was sent to a doctor for examination.  Defendant Nurse Administrator Alice Cain "was notified by Plaintiff that he was injured and needed medical treatment and that

Defendant Burson was refusing him proper medial care." She was deliberately indifferent to his serious medical needs. Both Burson and Cain acted to cover up defendant Ross's excessive use of force.

On June 20, 2005, plaintiff and another inmate, who were on a hunger strike, were let out of their cells to be seen by a nurse. Freeman and the other inmate had an altercation. While Freeman was immobilized, defendant Correctional Officer Windon struck him in the left eye with his closed fist. Then Windon grabbed Freeman in a choke hold and threw him into the cell. Plaintiff Freeman was handcuffed when he was thrown into the cell, but Windon lied and said that plaintiff had refused to give up the handcuffs.

Defendant Ross later entered the cell with defendants Hicks, Black, and John Doe. Without good cause, Ross struck Freeman 25 times. Defendants Scott and Gilbert, shift supervisors, ordered this beating. Defendant Alice Cain and the Dentistry Department were deliberately indifferent to Freeman's medical needs, failing to provide him with proper treatment.

Three days later, Freeman was transferred to the Southern Ohio Correctional Facility. There he complained to defendant Nurse Administrator Mona Parks that he was injured when beaten by MANCI officials, but they failed to provide him with proper medical care.

The complaint further alleges that "[d]espite knowledge of the institutional practices, the Defendant [ODRC administrators] have at no time taken any effective

2

actions to prevent the corrections officers from continuing to engage in this type of misconduct."   Some of these administrators "had prior notice of the vicious propensities of Defendants Windon, Hicks, Ross, Black, Scott, Gilbert, Cain, Park, and John Doe, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority."  Defendant Director Reginald Wilkerson "failed to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of corrections officers' misconduct."

Arguments of the Parties. Defendants argue that plaintiff's complaint must be dismissed because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Defendants rely on a recent Sixth Circuit decision which held that total exhaustion is required under the PLRA. *See Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). The total exhaustion rule requires the complete dismissal of a prisoner's complaint when he alleges both exhausted claims. *Id.* at 805.

Defendants maintain that plaintiff's claims against defendant Wilkinson must be dismissed because Section 1983 liability cannot be imposed on the basis of *respondeat superior*. Defendants further argue that this Court lacks jurisdiction over plaintiff's state law claims for assault, battery, negligence, and dereliction of duty in violation of section 2921.44 of the Ohio Revised Code, and defendants are entitled to immunity.

Plaintiff maintains that he fully exhausted his administrative remedies against all defendants with respect to the use of excessive force on June 17 and June 20, 2005.

3

Judgement on the Pleadings. "Federal Rule of Civil Procedure 12(c) permits a judgment on the pleadings.  In considering such a motion, the court must accept all the factual allegations of the complaint as true.  *Beal v. Missouri Pac. R.R.*, 312 U.S. 45, 51 (1941).  The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.  *General Cinema Corp. v. Buena Vista Distrib. Co.*, 681 F.2d 594, 597 (9th Cir. 1982)."  *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).  The Court, however, need not accept legal conclusions and unwarranted factual inferences.  *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

A pro se complaint, "however inartfully pleaded," is held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Exhaustion of Administrative Remedies. Section 1997e(a) provides that "no action shall be brought with respect to prison conditions under §1983 . . . by a prisoner confined in  any . . . prison . . . until such administrative remedies as are available are exhausted."  Ohio inmates have grievance procedures available under the Ohio Administrative Code §5120-9-31.  A complaint may not be filed in federal court until the prisoner has filed a grievance under Ohio Admin. Code §5120-9-31, the grievance has been acted on, and the prisoner has exhausted all of his administrative appellate rights

4

with respect to the grievance.  *Wright v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

Further, prisoners must "allege and show" that they have exhausted all administrative

remedies.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).  A prisoner "should

attach to his §1983 complaint the administrative disposition of his complaint."  *Id.*

 A prisoner must exhaust his prison administrative grievance remedies even

though he cannot obtain the monetary relief he seeks in Court through the prison

grievance procedures.  *Booth v. Churner*, 121 S.Ct. 1819, 1825 (May 29, 2001); *Dellis v.*

*Corrections Corp. of America*, 257 F.3d 508, 510 (6th Cir. 2001).

 Ohio provides for a three-step inmate grievance procedure by which inmate

grievances are investigated.  First, an inmate must contact an appropriate institutional

department or staff member to resolve the dispute informally.  Ohio Admin. Code

§5120-9-31(J)(1).  The inmate may then file a formal complaint with the inspector of

institutional services.  Ohio Admin. Code §5120-9-31(J)(2).  An inmate may appeal the

resolution of his grievance to the Chief Inspector, who must decide the appeal within

thirty calendar days.  Ohio Admin. Code §5120-9-31(J)(3).

 Prisoners must do more than file an initial grievance to exhaust remedies under

§1997e(a).  The exhaustion requirement means that *all* administrative remedies must be

exhausted.  *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). If the grievance is denied

initially, the prisoner must, within the time frame required by the administrative

regulations, proceed on to the next step of the prison grievance procedure.  *Hartsfield v.*

*Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).  An Ohio prisoner using the grievance remedies

available under O.A.C. §5120-9-31 must, within fourteen calendar days of the

disposition of his grievance, appeal to the Chief Inspector. *Freeman v. Francis*, 196 F.3d

641, 645 (6th Cir. 1999); O.A.C. §5120-9-31(J)(3). If he fails to do so, the prisoner has not

exhausted his prison administrative remedies as required by §1997e(a). *Freeman*, 196

F.3d at 645.

In the Initial Screening Report and Recommendation, the Magistrate Judge found

that plaintiff Freeman had not attached copies of his grievance and the Institutional

Inspectors' and Chief Inspector's dispositions of them to the complaint. Although the

complaint does not contain a detailed statement of the steps Freeman had taken to

exhaust his prison  administrative remedies, he did state that he presented the facts

relating to his complaint to prisoner grievance procedure by filing informal complaints,

grievances, and complaints with the chief inspector and the MANCI inspector and the

Chief Inspector of the Ohio Department of Rehabilitation and Correction ("ODRC").

Plaintiff attached copies of those grievances and dispositions to the grievances to his

objection to the Magistrate Judge's Report and Recommendation. Plaintiff argues that

he was not aware that he was required to attach those documents to his complaint

because the form that he filled out does not state that these documents must be

attached.

The Court sustained plaintiff's objections to the Initial Screening Report and

Recommendation based on the documentation attached to plaintiff's objections. Now,

defendants argue that the complaint must be dismissed in its entirety based on

6

plaintiff's failure to demonstrate total exhaustion as required by *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). The complaint contains the following:

| Defendant | Cause of Action |
| --- | --- |
| Reginald Wilkerson | Failed to provide proper medical care for injured prisoner in the care and custody of the ODRC; violated duty under O.R.C. 2921.44 and federal law; and negligence (June 17, 2005 and June 20, 2005). Failed to properly train, supervise, and discipline. |
| Margaret Bradshaw | Failed to provide proper medical care for injured prisoner in the care and custody of the ODRC; violated duty under O.R.C. 2921.44 and federal law; and negligence (June 17, 2005 and June 20, 2005). Failed to properly train, supervise, and discipline. |
| Cheryl L. Jergensen | Failed to provide proper medical care for injured prisoner in the care and custody of the ODRC; violated duty under O.R.C. 2921.44 and federal law; and negligence (June 17, 2005 and June 20, 2005). Failed to properly train, supervise, and discipline. |
| Sharon Berry | Failed to provide proper medical care for injured prisoner in the care and custody of the ODRC; violated duty under O.R.C. 2921.44 and federal law; and negligence (June 17, 2005 and June 20, 2005). Failed to properly train, supervise, and discipline. |
| Captain Scott | Excessive use of force (June 20, 2005). |
| Corrections Officer Windon | Excessive use of force and deliberate indifference to serious medical need (June 20, 2005). |
| Corrections Officer Ross | Excessive use of force (June 17, 2005). Excessive use of force (June 20, 2005). |
| Lieutenant Gilbert | Excessive use of force (June 20, 2005). |
| Sergeant Hicks | Excessive use of force (June 17, 2005). Excessive use of force (June 20, 2005). |
| Corrections Officer Black | Excessive use of force (June 20, 2005). |

7

| Diane Burson | Deliberate indifference to serious medical need (June 17, 2005). |
|---|---|
| Alice Cain | Deliberate indifference to serious medical need (June 17, 2005). |
| Mona Parks | Deliberate indifference to serious medical need (MANCI). |
| John Does 1-3 | Excessive use of force ( June 20, 2005). |

Plaintiff submitted the following documentation to support his assertion that he exhausted all of his administrative remedies:

- A June 28, 2005 notification of grievance identifying defendants Windon, Sheldon, Hall, Scott, Hicks, Ross, Black, John Does 1-3. Plaintiff also identified the dentist and the medical department, but he did not specify any particular individuals.

- A June 28, 2005 notification of grievance identifying Nurse Diane.

- A June 29, 2005 informal complaint resolution stating that plaintiff was being denied medication treatment and requested to see Ms. Parks.

- A July 12, 2005 disposition of grievance of grievance # 07-05-004.

- A July 12, 2005 disposition of grievance of grievance # 07-05-003.

- A July 15, 2005 disposition of grievance of grievance number # 07-05-005.

- A July 14, 2005 disposition of grievance of grievance # 07-05-016, which apparently related to a grievance concerning Ms. Parks. The disposition indicates that Ms. Parks had not received an ICR from plaintiff, nor had the office of the Inspector of Institutional Services, which, according to this

8

document, indicated that plaintiff had not followed the grievance
procedures.

- An August 22, 2005 letter from plaintiff to the Assistant Chief Inspector referenced in the August 26, 2005 letter from the Office of the Chief Inspector acknowledging receipt of plaintiff's grievances.

- An August 26, 2005 letter from the Office of the Chief Inspector acknowledging receipt of plaintiff's grievances #s: 07-05-016; 07-05-005; 07-05-004; and C.I.-05-338.

- An October 11, 2005 decision of the Chief Inspector on a grievance appeal for grievance # 07-05-005.

- An October 12, 2005 decision of the Chief Inspector on a grievance appeal for grievance # 07-05-004.

- A December 12, 2005 decision by the Chief Inspector in grievance # DF 70516 affirming the Institutional Inspector's decision that Freeman did not follow the correct process in grieving his complaint that Mona Parks prohibited him from receiving treatment for wrist and ankle problems.

     April 11, 2006 Brief, Exh. A. (Doc. 23.)

Defendants maintain that plaintiff has failed to prove exhaustion for each claim against every defendant. Specifically, defendants argue that plaintiff failed to demonstrate that he exhausted his administrative remedies with respect to his claim for

lack of medical care and conspiracy to cover up an excessive use of force claim against defendant Parks.

Defendants also argue that plaintiff has failed to demonstrate that he exhausted his remedies against defendant Cain concerning lack of medical care and conspiracy to cover up an excessive use of force. Defendant Cain is not listed in any of plaintiff's grievance related documents. Finally, defendants argue that plaintiff has failed to demonstrate exhaustion of administrative remedies for his claim against defendant Burson for conspiracy to cover up an excessive use of force.

Although plaintiff argues that he has exhausted his prison administrative remedies for all claims and all defendants, a careful review of the attached documentation demonstrates that he has not. None of the grievances submitted to the Court, many of which are several pages long, name defendants Wilkinson, Bradshaw, Jergensen, Berry, or Cain. Consequently, plaintiff Freeman has not exhausted his prison administrative remedies as to these defendants.

Section 1997e(a) states that "no action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted."  28 U.S.C. 1997e(a).  There is a conflict of authority in the Sixth Circuit about whether this language requires the district court to dismiss the entire case when a prisoner has exhausted some claims against some defendants, but has not exhausted his prison administrative remedies as to some claims and/or some defendants.

10

In *Hartsfield v. Vidor*, 199 F.3d 305, 307-09 (6th Cir. 1999), the Sixth Circuit heard an appeal from a district court judgment that dismissed some claims on the merits and others without prejudice for failure to exhaust prison administrative remedies.  The defendants did not argue that § 1997e(a) required the district court to dismiss the entire case without prejudice.  Indeed, it appears that defendants wanted the district court to address some claims on the merits:

> Although not addressed by the district court in its opinions, the record reflects, and defendants concede in their brief to the district court regarding the exhaustion issue, that plaintiff exhausted his Eighth Amendment claim against Crump, Kavanaugh and Breimayer and the district court properly addressed the merits of the claim . . . .

199 F.3d at 309.  The terms "mixed" and "complete" exhaustion are not mentioned in the decision.  There is no analysis of § 1997e(a) and no discussion of the cases considering whether actions in which the prisoner has not completely exhausted his prison administrative remedies must be dismissed without reaching the merits of the exhausted claims.  On the merits, the Sixth Circuit affirmed the district court's dismissal of the exhausted claims and remanded for the district court to dismiss the unexhausted claims without prejudice.

Two years later, *Burton v. Jones*, 321 F.3d 569, 574 at n2 (6th Cir. 2002) included a footnote, citing *Hartsfield*, that stated: "a prisoner's lawsuit, which alleges multiple claims against multiple defendants, is not vulnerable to dismissal under § 1997e(a) simply because the prisoner has failed to exhaust a particular claim as to a specific defendant."  The decision itself focused on whether Burton had exhausted his prison

11

administrative remedies as to all defendants and all claims. The district court identified two claims: a First Amendment retaliation claim and an Eighth Amendment medical indifference claim. It found that plaintiff had exhausted his prison administrative remedies as to the Eighth Amendment claim, but not as to his First Amendment claim. Pursuant to § 1997e(a), it dismissed the entire lawsuit without prejudice. 321 F.3d at 573.

Based on its review of the record, the Sixth Circuit concluded that Burton had exhausted his prison administrative remedies as to his First Amendment claim. 321 F.3d at 576-77. It ended its discussion of exhaustion with this statement:

> Because we have concluded that the district court erred when it determined that Burton had not administratively exhausted his First Amendment retaliation claim against the defendants, we do not need to reach the question of whether the district court erred when it dismissed Burton's entire lawsuit because Burton failed to exhaust the available administrative remedies with respect to one of his claims.

321 F.3d at 577.

My reading of *Burton* is that the statement in footnote 2 that a lawsuit alleging multiple claims against multiple defendants should not be dismissed "simply because the prisoner has failed to exhaust a particular claim as to a specific defendant" is dicta. The Court held that Burton had exhausted both claims as to all defendants. That decision did not turn on or rely in any way on the legal proposition stated in footnote 2.

In *Jones Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005), the majority decision recognized that *Hartsfield*, "[w]ithout addressing the issue of total exhaustion , . . . held

12

that the exhausted claims could be addressed on the merits while the unexhausted claims could be dismissed without prejudice."  But the majority in *Jones Bey* further pointed out that the author or *Hartsfield* later wrote in *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) that the Court "reserve[d] for another day" the question of whether § 1997e(a) requires a case to be dismissed without prejudice when the complaint pleads both exhausted and unexhausted claims.  Concluding that it still was an open question, the majority went on to consider it.

The majority in *Jones Bey* held that the plain language of 1997e(a) required total exhaustion of prison administrative remedies before suit could be filed.  *Id.* at 807.  The court pointed out that § 1977e(a) provides: "No *action* shall be brought . . . until such administrative remedies are available are exhausted," while § 1977e(c)(1) provides that the court may "dismiss any *action* . . . that . . . is frivolous" and § 1977e(c)(2) provides that the court may dismiss "a *claim*" that is frivolous.   It reasoned that since Congress addressed both frivolous actions and frivolous claims in § 1977e(c), its use of the word "action" alone in § 1977e(a) demonstrated an intent to require prisoners to  exhaust their prison administrative remedies as to all claims before filing an action.  407 F.3d at 807.

The majority also argued that "[t]he policies underling the PLRA" supported their reading of the statute.  The Act was intended "to reduce the sheer number of prisoner suits, particularly frivolous actions.  *Id.*  Another purpose was to encourage the resolution of disputes within the prison.  The total exhaustion rule reduces the number

13

of suits by requiring a prisoner to bring all of his claims in one action, and it encourages

inmates to use the prison grievance procedures.  407 F.3d at 807-08.

Although one panel of the Sixth Circuit recently stated that *Jones Bey* "ruled

definitively that complaints that contain both exhausted and non-exhausted claims

must be dismissed . . . ," *Rinard v. Luoma*, 440 F.3d 361, 362 (6th Cir. 2006), another

declared "that the partial-exhaustion rule [of *Hartsfield* and *Burton*] is the law of this

circuit," not *Jones Bey*'s total exhaustion rule.  *Spencer v. Bouchard*, 449 F.3d 721, 275(6th

Cir. 2006).  The United States Supreme Court has granted certiorari to consider whether

42 U.S.C. § 1997e(a) requires total exhaustion. *Jones v. Bock*, No. 05- 7058, 126 S.Ct. 1462

(U.S. Mar.6, 2006); and *Williams v. Overton*, No. 05- 7142, 126 S.Ct. 1463 (U.S. Mar.6,

2006).

Although it appears that in its next Term the United States Supreme Court will

resolve the issue that has divided panels of the Sixth Circuit, the issue must be decided

in this case now.  The rule in the Sixth Circuit is that a published decision resolving an

issue is binding and cannot be overruled by another panel.  *United States v. Smith*, 419

F.3d 521, 532 (6th Cir. 2005); *Salmi v. Sec'y of Health & Human Servss.*, 774 F.2d 685, 689

(6th Cir. 1985).  However, a published decision that addresses and purports to resolve an

issue that it is not necessary to reach and enter judgment is not binding on subsequent

panels. *See, Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 298-99 (6th Cir. 2005).

From my reading of the Sixth Circuit cases, the issue of whether 42 U.S.C. §

1977e(a) requires a district court to dismiss an action when a prisoner has not exhausted

his prison administrative remedies for each claim and for all defendants was not raised by either the parties or the court in *Hartsfield*. A footnote in *Burton* stated that *Hartsfield* resolved the issue, but the decision in *Burton* was that the prisoner had exhausted his prison administrative remedies as to all claims and all defendants. Consequently, the *Jones Bey* panel was the first to address the mixed exhaustion issue on its merits. That panel decision is binding on this Court.

I note that I reached this conclusion in June 21, 2006 Report and Recommendation in *Eddie Mack v. Director Reginald Wilkinson, et al.*, 2:06-cv-102 (doc. 11), but that Judge Marbley sustained plaintiff's objections to the Report and Recommendation. July 25, 2006 Order (Doc. 18). I recognize that given the two year statute of limitations for § 1983 suits, the PLRA requirement that inmates pay the entire $350 filing fee, and the holding in *Woodford v. Ngo*, 126 S.Ct. 2378 (June 22, 2006) that § 1997e(a) bars claims that were not grieved within the time limits set by state prison grievance regulations, a total exhaustion rule that does not give the prisoner an option of amending his complaint to present only exhausted claims is very harsh. Indeed, in my opinion, neither the language of the statute nor the purposes it serves mandate a total exhaustion rule. Nonetheless, I respectfully continue to believe for the reasons set out above that *Jones Bey*, not *Hartsfield*, is the controlling Sixth Circuit authority.

Consequently, the Magistrate Judge RECOMMENDS that defendants Wilkinson, Berry, Scott, Gilbert, Windom, Ross, Hicks, Black, Burson, Cain, and Park's April 7, 2006

motion for judgment on the pleadings (doc. 22) be GRANTED that this action be DISMISSED for plaintiff's failure to exhaust his administrative remedies.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge