**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Dwight Freeman, | : | |
| Plaintiff | : | Case Number 2:05-cv-1085 |
| v. | : | Judge Holschuh |
| Reginald Wilkerson, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**MEMORANDUM OPINION & ORDER**

This matter is currently before the Court on Plaintiff Dwight Freeman's objections to

Magistrate Judge Abel's August 9, 2006 Report and Recommendation (Record at 31), and on

Plaintiff's motion to change venue (Record at 28).  As required by 28 U.S.C. § 636(b), the Court

has made a *de novo* review of those portions of the Report and Recommendation to which

Plaintiff has specifically objected.  For the reasons set forth below, the Court sustains Plaintiff's

objections in part and overrules them in part.  The Court denies Plaintiff's motion to change

venue.

**I.      Background and Procedural History**

Plaintiff is currently incarcerated at the Southern Ohio Correctional Facility ("SOCF").

On December 2, 2005, he filed a complaint stemming from two incidents that took place in June

of 2005 when he was an inmate at the Mansfield Correctional Institution ("MANCI").  Count I

of the complaint alleges that on June 17, 2005, Correctional Officers Ross and Hicks engaged in

an excessive use of force while moving him from one cell to another.  According to Plaintiff,

they threw him on the bed and placed him in leg irons.  Then Officer Ross, without provocation

or cause, broke Plaintiff's left hand.  He claims that Nurse Diane Burson and Nurse

Administrator Alice Cain failed to provide him with medical treatment and were deliberately indifferent to his serious medical needs.  Plaintiff further alleges that Warden Margaret Bradshaw, Chief Inspector Cheryl Jergenson, Institutional Inspector Sharon Berry, and Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Corrections, were negligent and violated federal and state law by failing to provide him with proper medical care.[1]

Count II of the complaint alleges that on June 20, 2005, following an altercation with a fellow inmate, Plaintiff was beaten by Correctional Officers Windom, Hicks, Ross, and Black at the direction of shift supervisors Captain Scott and Lieutenant Gilbert.  Plaintiff alleges that Nurse Cain was again deliberately indifferent to his serious medical needs.  Three days later, after Plaintiff was transferred to SOCF, he complained about his injuries to Nurse Administrator Mona Parks.  He alleges that Parks was also deliberately indifferent to his serious medical needs.

Plaintiff seeks relief under 42 U.S.C. § 1983 for violations of his Fourth, Fifth, Eighth and Fourteenth Amendment rights.  He also brings state law claims of negligence, dereliction of duty under Ohio Revised Code § 2921.44, and assault and battery.  Defendants are sued in their official and individual capacities.  Plaintiff contends that Bradshaw, Jergenson, Berry and Wilkinson knew of the vicious propensities of the other defendants but took no steps to properly train them, supervise them, or discipline them.  Plaintiff alleges that Wilkinson ratified the excessive use of force by failing to report the abuse to the prosecutor, and failed to establish a meaningful system for dealing with reports of misconduct by correctional officers.  He further contends that Wilkinson is liable under the doctrine of *respondeat superior*.

---

[1]  "Wilkinson" is mistakenly spelled as "Wilkerson" throughout the complaint.

Magistrate Judge Abel issued an Initial Screening Report recommending that Plaintiff's complaint be dismissed without prejudice since Plaintiff had failed to establish that he had exhausted his administrative remedies as required by 28 U.S.C. § 1997e(a). Plaintiff filed an objection, attaching documentation of the grievances he had filed and the outcomes of those grievances. The Court sustained Plaintiff's objection.

Defendants then filed a motion for judgment on the pleadings. Citing <u>Jones Bey v. Johnson</u>, 407 F.3d 801, 807 (6th Cir. 2005), they argued that because Plaintiff had not exhausted his administrative remedies with respect to all claims against all defendants, his complaint must be dismissed in its entirety. According to Defendants, Plaintiff failed to fully exhaust his administrative remedies with respect to his claims that Parks, Cain, and Burson had conspired to cover up an excessive use of force, and his claims that Parks and Cain had failed to provide him with needed medical care. Defendants further argued that the § 1983 claims against Wilkinson must be dismissed because that statute does not provide for *respondeat superior* liability. Finally, Defendants argued that the Court lacked jurisdiction over Plaintiff's state law claims of assault, battery, negligence, and dereliction of duty, brought against them in their individual capacities.

Plaintiff filed a memorandum in opposition to Defendants' motion for judgment on the pleadings, arguing that: (1) he had, in fact, fully exhausted his administrative remedies with respect to Parks, Burson and Cain; (2) Wilkinson is liable under § 1983 for authorizing, tolerating and ratifying Defendants' conduct; and (3) Defendants are not immune from liability on the state law claims since they acted maliciously, in bad faith, and in a wanton and reckless manner.

On August 9, 2006, Magistrate Judge Abel issued a Report and Recommendation. Relying on the "total exhaustion" rule set forth in <u>Jones Bey</u>, he recommended that the Court grant Defendants' motion for judgment on the pleadings based on Plaintiff's failure to exhaust administrative remedies.  He found that Plaintiff had not exhausted his administrative remedies with respect to claims against Wilkinson, Bradshaw, Jergenson, Berry, or Cain since they were not named in any of Plaintiff's grievances.

Plaintiff has filed objections to the Report and Recommendation, arguing that <u>Jones Bey</u>'s "total exhaustion" rule is not the law of this circuit.  He also contends that because there is no mechanism for filing a grievance against prison officials Berry, Jergenson, Bradshaw or Wilkinson, no exhaustion is required with respect to his claims against them.  He further argues that he did exhaust his administrative remedies with respect to Cain and Parks.  Defendants have filed a response to Plaintiff's objections.

## II.     Motion for Judgment on the Pleadings

### A.     Standard of Review

Motions for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) are evaluated in much the same way as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted.  <u>See</u> <u>Grindstaff v. Green</u>, 133 F.3d 416, 421 (6th Cir. 1998); <u>Ziegler v. IBP Hog Market, Inc.</u>, 249 F.3d 509, 511-12 (6th Cir. 2001); <u>Mixon v. Ohio</u>, 193 F.3d 389, 399-400 (6th Cir. 1999).  The purpose of a motion under either rule is to test the sufficiency of the complaint.  When determining the sufficiency of a complaint, a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See also Ziegler, 249 F.3d at 512.

When considering a motion for judgment on the pleadings, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  See Grindstaff, 133 F.3d at 421.  However, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  Id.  The Court will, however, indulge all reasonable inferences that might be drawn from the pleading.  See Fitzke v. Shappell, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

### B.    "Total Exhaustion" Rule is Not the Law of the Sixth Circuit

The threshold issue in this case is whether Magistrate Judge Abel correctly relied on Jones Bey in concluding that because Plaintiff had not exhausted his administrative remedies with respect to all claims against all defendants named in the complaint, the complaint must be dismissed in its entirety.  Within the Sixth Circuit, there is a split of authority on this issue.  In Burton v. Jones, 321 F.3d 569 (6th Cir. 2002), the court held, "a prisoner's lawsuit, which alleges multiple claims against multiple defendants, is not vulnerable to dismissal under § 1997e(a) simply because the prisoner has failed to exhaust a particular claim as to a specific defendant."  Id. at 574 n.2 (citing Hartsfield v. Vidor, 199 F.3d 305, 307-09 (6th Cir. 1999)).  On the other hand, in Jones Bey and in Rinard v. Luoma, 440 F.3d 361, 362 (6th Cir. 2006), the court held that when a prisoner has not exhausted his administrative remedies for all claims and all defendants, the district court must dismiss the entire complaint without prejudice.  Recently, in Spencer v. Bouchard, 449 F.3d 721, 726 (6th Cir. 2006), the Sixth Circuit rejected Jones Bey's total exhaustion rule and declared that "the partial-exhaustion rule [of Hartsfield and

Burton] is the law of this circuit." Hartsfield and Burton were decided first, and the later

decisions in Jones Bey and Rinard do not have the effect of overriding them.  See id.

The United States Supreme Court has granted *certiorari* in Williams v. Overton, 126 S.

Ct. 1463 (2006) and Jones v. Bock, 126 S. Ct. 1462 (2006), and is expected to resolve this issue

later this term.  In the meantime, this Court concludes that Magistrate Judge Abel's reliance on

Jones Bey's total exhaustion rule is misplaced.  Plaintiff's failure to exhaust administrative

remedies with respect to all claims against all defendants does not warrant dismissal of his

complaint in its entirety.

The Court turns, then, to the question of which of Plaintiff's claims, if any, must be

dismissed without prejudice for failure to exhaust administrative remedies, and which claims

may be addressed on their merits.  There is no question that Plaintiff has fully exhausted his

administrative remedies with respect to his claims against MANCI employees Windom, Ross,

Black, Gilbert, Hicks, and Scott.  These claims, therefore, remain viable.

Magistrate Judge Abel found that Plaintiff had failed to exhaust his administrative

remedies against Director Wilkinson and Institutional Inspector Berry.[2]  It is undisputed that

Plaintiff filed no grievances against Berry or Wilkinson.  Plaintiff simply contends that because

the Ohio Administrative Code does not provide a mechanism for filing a grievance against an

Institutional Inspector or the Director of the Department of Rehabilitation and Corrections, he

was not required to do so.  Plaintiff is in error.  The Ohio Administrative Code specifically

---

[2]  Magistrate Judge Abel also found that Plaintiff had failed to exhaust his administrative remedies with respect to the claims against Warden Bradshaw and Chief Inspector Jergenson. However, this finding is irrelevant since the record shows that neither Bradshaw nor Jergenson was ever properly served with the summons and complaint.

provides that "[g]rievances against the . . . inspector of institutional services must be filed directly to the office of the chief inspector." O.A.C. § 5120-9-31(L). Moreover, as this court recently noted, "O.A.C. § 5120-9-31(B), which lists matters that are not grievable, does not exclude grievances against the Director of the Department." Mack v. Wilkinson, No. 2:06-cv-102, 2006 WL 2090092, at *1 (S.D. Ohio July 25, 2006). Because Plaintiff did not file grievances against Berry or Wilkinson prior to filing suit, his claims against these defendants are dismissed without prejudice.

With respect to Plaintiff's claims against Nurse Burson, it is undisputed that Plaintiff has exhausted his administrative remedies and may proceed on his claim that she refused to provide him with medical treatment and was deliberately indifferent to his serious medical needs. In their motion for judgment on the pleadings, Defendants argue that Plaintiff never filed a grievance with respect to his claim that Burson conspired to cover up Officer Ross's excessive use of force. While Plaintiff's complaint alleges that Burson acted "to cover up the unnecessary excessive use of force and unprofessional actions of Defendant Ross," it does not allege the existence of a "conspiracy." In the Court's view, this statement in the complaint does not constitute a conspiracy claim for which Plaintiff was required to separately exhaust his administrative remedies; it is simply a statement of Plaintiff's belief concerning why Burson denied his request for medical treatment. Because the so-called conspiracy claim does not exist, the Court denies Defendants' motion to dismiss it.

The Court grants Defendants' motion to dismiss Plaintiff's claims against Nurse Cain, who is not mentioned in any of Plaintiff's grievances. Plaintiff contends that his grievances against "the medical department" are actually grievances against Nurse Cain. He argues that he

"mistakenly forgot to put her name" on the grievances and asks the Court to hold him to a less stringent standard since he is proceeding *pro se*.  While Plaintiff is not held to the same standards as a trained attorney, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), his grievances against the "medical department" in general are insufficient to put the prison on notice that his complaints were against Nurse Cain in particular.

The Court also grants Defendants' motion to dismiss Plaintiff's claims against Nurse Administrator Parks.  The Disposition of Grievance issued by the Institutional Inspector at SOCF indicates that Plaintiff did not follow the proper procedures in connection with his grievance against Ms. Parks.  (Ex. to Pl.'s Obj. to Initial Screening Report).  Moreover, Plaintiff has not submitted a copy of his appeal to the Chief Inspector or a copy of the Chief Inspector's disposition of that appeal.  Because Plaintiff has failed to demonstrate that he exhausted his administrative remedies with respect to his claims against Parks, those claims are dismissed without prejudice.

To summarize, the Court dismisses without prejudice Plaintiff's claims against Wilkinson, Berry, Cain, and Parks, because Plaintiff has failed to exhaust his administrative remedies against these defendants.[3]  Plaintiff may proceed on his claims against Scott, Windom, Ross, Gilbert, Hicks, Black, and Burson.  Nevertheless, as discussed in the following section, Plaintiff may proceed only on his § 1983 claims against these defendants; the Court lacks jurisdiction over the state law claims against them.

_____

[3]  Because the Court is dismissing all claims against Wilkinson for failure to exhaust administrative remedies, the Court need not address Defendants' alternative argument that Wilkinson cannot be held liable under § 1983 based on the doctrine of *respondeat superior*.

### C.    Jurisdiction on State Law Claims

In their motion for judgment on the pleadings, Defendants argue that Plaintiff's state law claims of assault, battery, negligence, and dereliction of duty in violation of Ohio Revised Code § 2921.44, brought against them in their individual capacities, must be dismissed for lack of jurisdiction.  Any civil action against a state employee that alleges that the employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner, must first be filed in the Ohio Court of Claims, which has exclusive jurisdiction to determine whether a state employee is entitled to personal immunity under Ohio Revised Code § 9.86.  See Ohio Revised Code § 2743.02(F).  Until the Court of Claims makes that determination, this Court lacks jurisdiction over the state law claims.  See Haynes v. Marshall, 887 F.2d 700, 705 (6th Cir. 1989).

Although Plaintiff, in this case, does allege that Defendants acted with malicious purpose, in bad faith, or in a wanton or reckless manner, he neglected to first submit his state law causes of action to the Ohio Court of Claims for a determination of personal immunity.  Because this Court lacks jurisdiction to adjudicate Plaintiff's state law claims brought against Defendants in their individual capacities, it dismisses those claims without prejudice.

## III.    Motion to Change Venue

Plaintiff has also filed a motion to change venue to the Northern District of Ohio, where the incidents giving rise to his claims occurred.  He notes that he filed suit in the Southern District of Ohio, because Defendant Wilkinson resides here.  He now argues, however, that this Court is biased against him.  In support, he cites delays in ruling on his motions and an adverse ruling on his motion to compel discovery.  He also complains that the Court has not yet set a date for a case management conference.

A district court may transfer a civil action to another district where the action may have been brought if it is more convenient for the parties and witnesses, and is "in the interest of justice." 28 U.S.C. § 1404(a). Even assuming that Plaintiff could have brought this action in the Northern District of Ohio, Plaintiff has not demonstrated that transfer to that district would be more convenient for any of the parties and witnesses, or that such a transfer, at this stage of the litigation, would be in the interest of justice. There is nothing in the record to support Plaintiff's subjective belief that this Court is biased against him. The Court therefore denies Plaintiff's motion to transfer venue.

## IV. Conclusion

Upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B), the Court **SUSTAINS IN PART** and **OVERRULES IN PART** Plaintiff's objections to Magistrate Judge Abel's Report and Recommendation (Record at 29, 31), and **GRANTS IN PART and DENIES IN PART** Defendants' motion for judgment on the pleadings. (Record at 22). All of Plaintiff's claims against Defendants Wilkinson, Berry, Cain, and Parks are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's state law claims against Defendants Scott, Windom, Ross, Gilbert, Hicks, Black, and Burson are also **DISMISSED WITHOUT PREJUDICE**. Plaintiff may, however, proceed with his § 1983 claims against these seven defendants.

The Court **DENIES** Plaintiff's motion for a change of venue. (Record at 28).

**IT IS SO ORDERED.**


Date: December 29, 2006                          **/s/ John D. Holschuh**
                                                 John D. Holschuh, Judge
                                                 United States District Court