IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dwight Freeman,                                  :
                   Plaintiff             :       Civil Action 2:05-cv-01085

        v.                               :       Judge Holschuh

Reginald Wilkinson. *et al.*,         :       Magistrate Judge Abel
                 Defendant

                                   :

**ORDER**

Plaintiff Dwight Freeman, acting *pro se*, brings this prisoner civil rights action under 42 U.S.C. §1983.  This matter is before the Court on defendants' May 5, 2010 objections (Doc. 143) and plaintiff's May 17, 2010 objections (Doc. 144) to Magistrate Judge Abel's April 12, 2010 Report and Recommendation (Doc. 139) recommending that defendants' motion for summary judgment be granted in part and denied in part.

With respect to the June 17, 2005 incident alleging excessive use of force, Magistrate Judge Abel found that plaintiff had failed to establish a genuine issue of material fact. With respect to the June 20, 2005 incident alleging excessive use of force, Magistrate Judge Abel found that genuine issues of material fact precluded summary judgment.  He also found that defendants were not entitled to qualified immunity.

As to plaintiff's claim of deliberate indifference to serious medical needs, Magistrate Judge Abel found that defendant Burson was entitled to summary judgment because plaintiff had failed to present evidence of a sufficiently serious injury.  Neither party has

1

objected to this finding and the Court adopts Magistrate Judge Abel's recommendation that summary judgment be entered as to this claim.

However, plaintiff has filed objections in connection with the June 17, 2005 claim of excessive use of force, and defendants have filed objections in connection with the June 20, 2005 claim of excessive use of force. Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court overrules defendants' objections and sustains plaintiff's objections.

**I.      June 17, 2005 Excessive Use of Force Claim**

Plaintiff objects to the Magistrate Judge's findings with respect to the June 17, 2005 incident. Magistrate Judge Abel stated, "[r]ather than presenting affirmative evidence, Freeman has asserted legal conclusions and simply denied defendants' recitation of the facts." (R&R at 13). Plaintiff, however, argues that genuine issues of material fact preclude summary judgment on this claim of excessive force. The Court agrees.

Under penalty of perjury, plaintiff submitted a declaration in support of his opposition to defendants' motion for summary judgment. With respect to the June 17, 2005 incident, plaintiff states:

> Plaintiff Dwight Freeman as pro-se declares under the penalty of perjury; that on June 17, 2005 defendant Ross used excessive force on plt. and broke a bone in plt. left hand after plt. complied to move to another cell. See plt. Ex. (A) 6/17/05 medical report and (doc. #1). Def. Burson medically check plt. and was being deliberate indifferent to plt. serious medical need refusing to send plt. to the medical doctor to be further evaluated for x-rays possible cast, and was conspiring to cover up staff excessive force and on plt. Def. Ross actions was done maliciously and sadistically for the very purpose to cause harm and the administration Warden & DWO did not hold a use of

2

> force hearing conspiring with the injury plt. received by Def. Ross. Ross violated policy and procedures of not filing use of force reports and Incident Reports as well as Def. Hicks.  In the defendants statement of facts concerning the June 17, 2005 incident, they fabricated a theory that no force was used on plt. Freeman and falsified the intervention report and incident reports.

Freeman Decl.

The incident reports attached as exhibits to defendants' motion  indicate that plaintiff initially refused two direct orders to be handcuffed so that the officers could move him to a different cell.  A cell extraction team was called.  The incident reports uniformly state that once the team gathered at his cell, Freeman agreed to be handcuffed and taken to another cell.  Therefore, there was no need for the use of any force and, according to defendants, no force was used.  Using an escort technique, Sergeant Hicks and Officer Ross moved plaintiff to his new cell.

Defendants maintain that there is no evidence that any force at all was used against plaintiff on this date.  This is simply not true.  Captain Scott and Officer Ross both initially checked boxes indicating that the subject of their incident reports was "Use of Force."  It appears that these checkmarks may have later been scratched out, but the fact that they were initially checked nevertheless raises a question about whether force was used.  Moreover, the incident reports written by Officer Cantrell and Captain Scott both indicate that plaintiff was clinic checked.  It can be inferred that he required medical attention as a result of defendants' conduct.  Finally, the Medical Exam Report completed by Nurse

3

Burson in connection with plaintiff's complaint about his left hand includes a checkmark in the box indicating "Use of Force."   Ex. to Defs. Mot. Summ. J.

In the Court's view, these documents, along with plaintiff's declaration, made under penalty of perjury, are sufficient to create a genuine issue of material fact as to whether force was used against plaintiff on June 17, 2005.  It appears to be undisputed that plaintiff eventually complied with the officers' orders, and defendants admit that there was, therefore, no need for the use of any force at all.

Defendants deny that any force was used.  However, plaintiff's medical records and, to some extent, defendants' own incident reports are inconsistent with defendants' claim. Plaintiff maintains that, even though he was complying with the officers' orders, Ross nevertheless bent plaintiff's left hand and broke it while he was escorting him, and did so maliciously and sadistically for the very purpose of causing harm.  Based on the evidence presented, a reasonable jury could find in plaintiff's favor on this Eighth Amendment claim.  Summary judgment is therefore inappropriate.

## II.     June 20, 2005 Excessive Use of Force Claim

Defendants object to the Magistrate Judge's finding that there is a genuine issue of material fact as to whether defendants used excessive force on June 20, 2005. Defendants argue that plaintiff has failed to come forth with evidence to sustain his burden of proof on this issue. Defendants maintain that they provided affirmative evidence, in the form of affidavits and exhibits, demonstrating that they did not use excessive force on him.  They maintain that they demonstrated that they were required to use force to protect themselves

and restore order and discipline, and that any injury plaintiff sustained was *de minimis*. Defendants further argue that plaintiff failed to provide any evidence showing an issue of material fact other than his self-serving statement.

The Report and Recommendation states:

June 20, 2005 Incident. Defendants submitted various reports to support their motion for summary judgment. Defendants maintain that they used force only to the degree that it was necessary to maintain and restore discipline. They argue that the evidence demonstrates that Freeman did not sustain any significant injury as a result of the cell extraction, which shows that they did not intend to harm him. A June 20, 2005 Medical Exam Report states that Freeman complained of pain in his head, mouth, forehead, left ankle, arms and legs. There was swelling above left eyebrow with ½ inch superficial laceration. His mouth was examined, but there were no loose teeth. There were abrasions on his parietal scalp with scant blood that subsided with direct pressure. There was a jagged laceration on his lower lip measuring approximately 1/4 centimeter. He could not bear weight on his left leg. He was given assistance to stand and placed in a wheelchair to transport. (Doc. 135-4.)

Freeman's affidavit asserts that defendant Windom punched him in the eye and placed him in a choke hold before throwing him back into his cell. According to Freeman, Windom removed the handcuff on Freeman's left hand and placed it on his right hand, closed the food slot and then reported that Freeman was refusing to be uncuffed. Plaintiff further asserts that when the cell extraction team entered his cell, he was lying face down on the ground with his hands behind his back. Freeman states that the video shows a corrections officer punching Freeman, but neither party has submitted the video into evidence. Plaintiff contends that the video was incomplete, and defendants make no reference to the video whatsoever. Plaintiff also states that his injuries were captured on video when he was undergoing evaluation by Nurse Butke.

R&R at 14-15. Defendants' evidence was summarized as follows:

A June 20, 2005 Intervention Report completed by Corrections Officer Scheurer stated that Freeman relinquished the handcuffs without the use of force. (Doc. 125-3 at 1.) A June 20, 2005 Intervention Report completed by Corrections Officer Scheurer stated that Freeman attacked another inmate.

He refused to be checked by the medical clinic and to be uncuffed. Despite negotiating with Freeman, force was used. (Doc. 125-4 at 1.)   A June 20, 2005 Incident Report completed by Captain Scott stated that Freeman pulled his arm back into his cell after only one cuff was removed for the second time that day. A cell extraction team was assembled. When the team entered the cell, Freeman was in a fighting stance. He was taken to the floor and placed in restraints. He was placed in a cell until the time clinic staff could x-ray his injuries. (Doc. 125-5 at 1.)

A June 20, 2005 Incident Report completed by Lieutenant Gilbert indicated that he unlocked the door for the team to enter after Freeman was taken into the hallway and checked by the medical staff. (Doc. 125-5 at 2.) A June 20, 2005 Incident Report completed by Sgt. Hicks stated that when the extraction team entered the cell, Freeman was waiting at the door to fight. Freeman had managed to get both cuffs on one wrist and was using the cuffs as a weapon. Freeman ended up on his stomach. During the extraction, Freeman attempted to kick and bite them. After Freeman was subdued, he was brought to clinic to be checked. (Doc. 125-5 at 3.)

A June 20, 2005 Incident Report completed by Corrections Officer Black indicated that he was assigned to control Freeman's left leg as part of the extraction team. Freeman resisted the extraction, but he was restrained and removed from the cell. (Doc. 125-5 at 4.) A June 20, 2005 Incident Report completed by Corrections Officer Beverly indicated that once Freeman was secured by the extraction team, no other force was used. (Doc. 125-5 at 5.) A June 20, 2005 Incident Report completed by Corrections Officer Helbig indicated that he secured plaintiff's leg. (Doc. 125-5 at 6.)

A June 20, 2005 Incident Report completed by Corrections Officer Patton stated that Freeman kicked Corrections Officer Patton, but he was ultimately restrained and taken to the clinic. (Doc. 125-5 at 7.)

A June 20, 2005 Incident Report completed by Corrections Officer Ross stated that when the team entered, plaintiff was standing in a fighting position. Freeman was taken to the floor. He was quite combative and attempted to bite Ross. (Doc. 125-5 at 8.)

The Supervisor's Use of Force Summary Report indicated that Freeman had been injured in the incident. (Doc. 125-6 at 1.) The Use of Force Committee Report concluded that the force was justified and not excessive. (Doc. 125-6 at 2.)

R&R at 14 n. 1.

The Magistrate Judge correctly concluded that an issue of material fact exists. Plaintiff denies any conduct that would have justified the use of force and alleges that defendant Windom intentionally set him up. Plaintiff also denies that he put up any resistance to the cell extraction team. Defendants, on the other hand, maintain that plaintiff refused to relinquish his handcuffs and attempted to bite and kick corrections officers. The fact that plaintiff may not have been seriously injured is simply not dispositive. *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010) (stating that the core judicial inquiry is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm). On a motion for summary judgment, the Court cannot make credibility determinations. In order to determine whether defendants' use of force was malicious, the trier of fact will have to consider the evidence and make credibility determinations to make factual findings with respect to plaintiff's conduct prior to being restrained.

### III.    Conclusion

For the reasons stated above, the Court **ADOPTS IN PART and REJECTS IN PART** Magistrate Judge Abel's Report and Recommendation (Doc. 139). Defendants' motion for summary judgment is **GRANTED IN PART and DENIED IN PART.** (Doc. 125). The motion for summary judgment is **GRANTED** with respect to plaintiff's Eighth Amendment claim against defendant Burson for deliberate indifference to a serious medical need. However, the motion is **DENIED** with respect to plaintiff's Eighth Amendment claims against defendants Scott, Windom, Ross, Gilbert, Hicks, and Black.

7

Plaintiff may proceed with his claims of excessive force related to the incidents on June 17,

2005 and June 20, 2005.


**IT IS SO ORDERED.**


Date: July 2, 2010                                       **/s/ John D. Holschuh**
                                                         John D. Holschuh
                                                         United States District Judge