IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dwight Freeman, | : | |
| Plaintiff | : | Civil Action 2:05-cv-1085 |
| v. | : | Judge Holschuh |
| Reginald Wilkerson, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

This matter is before the Court on plaintiff Dwight Freeman's August 27, 2010 motion in limine (doc. 157).

Plaintiff seeks to have the following evidence excluded from the consideration of the trier of fact: his October 26, 2007 sworn deposition testimony; his felony criminal convictions, specifically his prior assault charges; his prior disciplinary conduct; evidence concerning his character; his prior civil court complaints filed against peace officers and Ohio Department of Rehabilitation and Corrections employees; and his prison record.

Plaintiff also seeks to have some evidence presented to the trier of fact: the June 17, 2005 and June 20, 2005 use of force video recordings; the June 20, 2005 block video recording; defendants' prior or subsequent misconduct by prison personnel and

1

evidence of inadequate investigation and disciplinary responses; and the personnel files and use of force records of the defendants remaining in this action.

Plaintiff's Deposition Testimony. Rule 32 of the Federal Rules of Civil Procedure provides that a deposition may be used against a party to contradict or impeach the testimony given by the deponent as a witness to the extent that it would be admissible under the Federal Rules of Evidence. Fed. R. Civ. P. 32(a)(2). Plaintiff maintains that the use of his deposition would be unfair to him; however, defendants are entitled to use plaintiff's deposition testimony for impeachment purposes.

Plaintiff's Criminal Convictions. Rule 609 of the Federal Rules of Evidence states:

(a) General rule.--For the purpose of attacking the character for truthfulness of a witness,
(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
(2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.
(b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of

> intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Fed. R. Evid. 609.

Neither party addresses the nature of plaintiff's criminal convictions. Rule 609 expressly permits the introduction of evidence concerning convictions punishable by imprisonment in excess of one year to be used to impeach the character for truthfulness of a witness. Rule 609 is subject to the constraints of Rule 403. Defendants fail to address the probative value of admitting evidence of plaintiff's convictions, and plaintiff does not address how he will be prejudiced by the introduction of the evidence. Here, the jury will know that plaintiff has been imprisoned for something. Without further information concerning the convictions that plaintiff seeks to have excluded from testimony, the Court is unable to determine whether the probative value of admitting this evidence outweighs its prejudicial effect. Plaintiff's motion is DENIED without prejudice. If plaintiff seeks to renew his motion, he may do so.

<u>Plaintiff's Disciplinary Record</u>. Plaintiff seeks to exclude evidence concerning his disciplinary record. Rule 404(b) of the Federal Rules of Evidence governs admissibility of evidence of other crimes, wrongs, or acts. It forbids evidence of an individual's character to be admitted at trial for the purpose of proving "that he acted in conformity therewith" on a particular occasion. However, the rule permits evidence of wrongful acts to be introduced for specific purposes, including proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

3

> A Rule 404(b) inquiry consists of three parts:
>
> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. The district court must then determine whether those "other acts" are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative.

*U.S. v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004)(citing *United States v. Mack*, 258 F.3d 548, 553 (6th Cir.2001)).

In *Young v. Rabideau*, 821 F.2d 373 (7th Cir. 1987), the Seventh Circuit held that evidence of an inmate's disciplinary history was admissible in his civil rights action against two corrections officers to rebut the inmate's contention that he did not intend to poke the officer in the face or snatch the chain out of his hand. His disciplinary record could be used to rebut the inmate's defense and show the absence of accident or mistake on the part of the inmate. This evidence of his prior disciplinary record was also relevant to establish the need for the amount of force employed by the corrections officers. The Seventh Circuit further noted that because the district judge had not permitted the disciplinary record to be admitted into evidence and only permitted general questions about his prior disciplinary record, the danger of unfair prejudice was minimized.

In *West v. Love*, 776 F.2d 170 (7th Cir. 1985), the Seventh Circuit concluded that district court properly permitted evidence that an inmate was housed in a maximum security prison in a segregation unit that was reserved for inmates who demonstrated a

4

propensity for violent behavior. The district court determined that this evidence was relevant to the issue of the forced used against the inmate and his allegation that he had been unfairly treated. The Seventh Circuit held that the officers' assessment of the circumstances and of the danger involved was indicative of the reasonableness of their actions and their good faith:

> Correctional officers are not required to take excessive personal risks with inmates classified as violent. That defendants were dealing with an inmate housed in the special confinement unit rather than with a trusty housed on a prison farm is clearly relevant to their assessment of the danger posed and the amount of reasonable force to be applied. This evidence bearing on defendants' states of mind was admissible under Rule 404(b).

*West v. Love*, 776 F.2d 170, 174 (7th Cir. 1985). *See also White v. Johnson*, 925 F.2d 1467 (6th Cir. 1991)(holding that the district court did not abuse its discretion in allowing inmate to be cross-examined concerning his misconduct record because it was relevant to the issue of whether the defendant prison guards used excessive force against him).

However, in *Cooper v. Casey*, 97 F.3d 914 (7th Cir. 1996), the district court's refusal to allow testimony that inmates were incarcerated in the prison's disciplinary-segregation unit at the time of the incident was upheld on appeal because there was no evidence that disciplinary confinement was for violent offenders. Instead, the evidence demonstrated that if an inmate violated a prison rule, he was punished by being more closely confined that the general prison population. *Id.* at 918. *See also Lewis v. Velez*, 149 F.R.D. 474 (1993)(holding that evidence of inmate's disciplinary history could not be introduced because defendants' only argument for doing so was to impeach his

5

credibility and defendants failed to demonstrate some "other purpose" as required by Rule 404(b)) *and Essick v. Debruyn*, No. 3:94-cv-804, 1995 WL 729313 (Nov. 22, 1995, N.D. Ind.)(excluding evidence of acts of misconduct committed by plaintiff while in prison because neither motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident were at issue in the case).

Defendants argue that evidence of plaintiff's disciplinary record will demonstrate his intention, motive, and plan to routinely incite the need for an extraction team and the use of force to stabilize and secure the situation. Defendants maintain that once Freeman instigates the use of force, he proceeds through the prison grievance procedure and files suit in federal court. Defendants maintain that the introduction of this evidence will demonstrate plaintiff's plan, motive, and intention in creating the need for force as well as his misuse of the grievance process and the federal court system.

Defendants argue that the proposed evidence will demonstrate to the jury plaintiff's plan, motive, intent when he refused to relinquish his hand cuffs and used them as a weapon because he knew the extraction team would be called to remove the handcuffs. I agree that if Freeman has a history of repeatedly refusing to obey correctional officers' direct orders and persisting in that refusal to the point of requiring an extraction team to enter the cell that would be some evidence of his state of mind during the incidents to be tried. So I will not prohibit defendants' counsel from questioning plaintiff about past similar incidents. Plaintiff is free to object on the ground

6

that the incident would shed no light on his state of mind during the incidents at issue. However, I will not permit defendants to offer evidence regarding prior incidents. Only the two incidents pleaded in the complaint will be tried. It would waste the jurors' time and create the danger there their attention would be directed from the issues on trial if there would be a trial of collateral issues regarding the incidents defendants seeks to offer as proof of motive, intent, and state of mind.

<u>Plaintiff's History of Litigation</u>. Defendants maintain that evidence of plaintiff's litigation history is evidence of his motive, intent, and state of mind. I agree that plaintiff's history of filing grievances and initiating lawsuits would be some evidence of motive during the incidents to be tried. Defendants' counsel may question plaintiff about his history of litigating these types of incidents. Plaintiff is free to object on the ground that his previous lawsuits would shed no light on his state of mind during the incidents at issue. Defendants may not offer evidence regarding other lawsuits. As I previously stated, it would waste the jurors' time and create the danger there their attention would be directed from the issues on trial if there would be a trial of collateral issues regarding the incidents defendants seeks to offer as proof of motive, intent, and state of mind.

<u>Plaintiff's Character</u>. The admission of character evidence is governed by Rule 404, which provides "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Exceptions to this general rule relate to criminal cases. Character evidence

7

concerning witnesses is governed by Rules 607, 608, and 609 of the Federal Rules of Evidence.

<u>Plaintiff's Requests for Evidence</u>. Plaintiff also seeks the admission of the June 17, 2005 and June 20, 2005 use of force video recordings. In their memorandum in opposition, defendants indicate that they intend to have the use of force recordings shown. At the final pretrial conference, defendants' counsel indicated that she would find out if the block recordings are still in existence.

Plaintiff requests for defendants' "prior and subsequent misconduct" by prison personnel and of "inadequate investigative and [disciplinary] responses to it to show deliberate indifference on their part to plaintiff and prisoners rights." Defendants agree that the use of force report should be presented to the jury. Plaintiff's request for defendants' personnel records is denied because the time for seeking discovery has long since passed.

For the reasons stated above, plaintiff Dwight Freeman's August 27, 2010 motion in limine (doc. 157) is GRANTED in part and DENIED in part.

s/ Mark R. Abel<br>United States Magistrate Judge