IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dwight Freeman, | : | |
| Plaintiff | : | Civil Action 2:05-cv-01085 |
| v. | : | Judge Holschuh |
| Reginald Wilkinson. *et al.*, | : | Magistrate Judge Abel |
| Defendant | | |
| | : | |

**ORDER**

This matter is before the Court on plaintiff Dwight Freeman's November 1, 2010 motion for a new trial (doc. 195).

Plaintiff argues that the verdict entered by the Court was against the weight of the evidence and that the Court improperly rejected his evidence and exhibits. Plaintiff also contends that he was not permitted to have the assistance of co-counsel. Plaintiff argues that the June 17, 2005 video shows that defendant Ross bent his left hand and broke either a bone or a blood vessel. He maintains that his injury was sufficiently severe for the purposes of his Eighth Amendment claim. Plaintiff also argues that reasonable jurors could have found by the greater weight of the evidence that defendants Ross and Hicks used excessive and unjustified force to maliciously and sadistically inflict pain and cause him harm. Plaintiff further argues that the Court improperly denied him the opportunity to call Nurse Diane Burson as a witness. Her testimony would have been relevant because she treated his injuries.

Plaintiff maintains that the evidence shows that defendant Windom violated policy 5120-0-03 regarding the use of force because no conduct report for refusing a direct order was ever issued with respect to Freeman. Plaintiffs argue that a reasonable jurors could have found the facts that Windom never filed a conduct report and that Freeman had filed a grievance concerning Windom's conduct evidence to support a verdict in favor of plaintiff. Freeman contends that the jurors should have been permitted to decide the case given the inconsistencies in Windom's testimony and the violation of use of force policies.

Plaintiff further argues that the Captain Scott and Lieutenant Gilbert were deliberately indifferent to the risks to his life and health and should be found liable for their actions. Plaintiff maintains that supervisors are liable when their inaction amounts to tacit authorization. According to plaintiff, Scott and Gilbert watched the beating and failed to intervene, and reasonable jurors could have concluded that they acted with deliberate indifference.

Freeman maintains that defendants' testimony was contradicted by the video and his testimony. Freeman contends that the Court erred when it concluded that the video showed him kicking. Instead, Freeman contends that defendants purposefully blocked the video. The medical records also show that he received 25 blows to the head. Freeman also relies on the fact that he was never given a direct order to relinquish the handcuffs. According to Freeman, the whole incident was orchestrated in an effort to assault him.

Under Rule 59(a)(1) of the Federal Rules of Civil Procedure, "[t]he court may, on motion, grant a new trial on all or some of the issues--and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court. . . ."

> Specific grounds for new trial can include:
> that the verdict is against the weight of the evidence, that the damages are excessive, or that for other reasons the trial was not fair, and that the motion may also raise questions of law arising out of substantial errors in the admission or rejection of evidence or the giving or refusal of instructions.

*Clark v. Esser*, 907 F. Supp. 1069, 1072 -1073 (E.D. Mich.,1995)(quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2805, at 37-38 (1973)). Although plaintiff argues that the Court refused to admit his medical records and the Use of Force Committee report, both of these items were admitted as joint exhibits.

Plaintiff also objects to the fact that he was not permitted to have co-counsel. The Court made several attempts to appoint an attorney to represent plaintiff. The first set of attorneys that were selected to represent Freeman met with him and subsequently declined to represent him. Two more attorneys were selected, one of who entered an appearance on his behalf. *See* doc. 110.  Nearly eleven months later, Freeman elected to proceed pro se and filed a motion to that effect, which was granted by the Court. When setting this case for trial, plaintiff renewed his request for counsel. I asked one of my former law clerks to meet with Freeman and discuss the possibility of assisting him at trial. After their meeting, my former law clerk's law firm elected to not to represent

3

plaintiff. Freeman wanted to go to trial at the earliest possible date. Three attempts to appoint him counsel had failed. At that point, it was impossible to reconcile an immediate trial date and appointment of counsel. Freeman elected to go to trial. The decision to go forward with the trial without an attorney was his own, and this fact cannot serve as a basis for granting him a new trial.

Plaintiff also objects to the fact that many of the witnesses he hoped to call for trial were not available. Plaintiff failed to submit witness fees for his witness, nor were these individuals served with subpoenas. Furthermore, plaintiff failed to provide a statement to the Court as to what testimony he expected each prospective witness to give about material disputed facts before trial in accordance with my September 20, 2010 Order. *See* doc. 170.

For the reasons stated on the record at the close of trial, plaintiff offered no evidence from which a reasonable juror could find by the greater weight of the evidence that defendants Windom, Black, Hicks, Gilbert or Scott subjected him to cruel and unusual punishment. Further, there is no evidence that Scott or Gilbert authorized, encouraged or otherwise participated in the excessive use of force against plaintiff by an officer they supervised. Although I indicated that there was some evidence with respect to Correctional Officer Ross, I continue to hold the firm opinion that entry of judgment for him was required by the law on the record at trial.

For the reasons stated above, plaintiff Dwight Freeman's November 1, 2010 motion for a new trial (doc. 195) is DENIED.

s/ Mark R. Abel  
United States Magistrate Judge