IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dwight Freeman, | : | |
| Plaintiff | : | Civil Action 2:05-cv-1085 |
| v. | : | |
| Reginald Wilkerson, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# Order

Plaintiff Dwight Freeman, a prisoner incarcerated at the Mansfield Correctional Institution at the time of the events alleged in the complaint, brought this action under 42 U.S.C. §1983 alleging that defendants subjected him to cruel and unusual punishment by physically beating him.  On November 17, 2010, plaintiff filed a notice of appeal from the Court's October 22, 2010 judgment granting defendants motion for judgment as a matter of law and entering judgment for them.

This matter is before the Court on plaintiff Dwight Freeman's December 9, 2010 motion for reconsideration of the Court's November 30, 2010 Order denying his motion for leave to appeal *in forma pauperis* (doc. 201) based on the three strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) ("PLRA").

The Court concluded that the PLRA prohibits Freeman from proceeding *in forma pauperis* on appeal because he has at least three prior cases that have been dismissed on

the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:

    1.    *Dwight Freeman v. Gee*, Case No. 1:00-cv-3148. Order dismissing *in forma pauperis* claim *sua sponte* for failure to state to a claim.

    2.    *Dwight Freeman v. Voorhies*, Case No. 1:06-cv-00622. Order dismissing *in forma pauperis* claim *sua sponte* for failure to state to a claim and failure to exhaust prison administrative remedies.

    3.    *Dwight Freeman v. Wilkerson*, Case No. 1:96-cv-02260. Order dismissing *in forma pauperis* claim *sua sponte* as frivolous.

Freeman argues that Case No. 1:06-cv-00622 should not be counted because he was permitted to exhaust his administrative remedies and re-file his case, which remains pending as Case No. 1:07-cv-00041.  Although Freeman was permitted to pursue the claims that were dismissed without prejudice for failure to exhaust in a subsequent case, the dismissal of Case No. 1:06-cv-00622 constitutes a strike under the PLRA. On initial screening under the PLRA, the Court's October 19, 2006 Order and Judgment in Case No. 1:06-cv-00622(docs. 11 and 12) dismissed with prejudice and on the merits plaintiff's claim that he was denied due process when the Rules Infraction Board held a hearing in his absence (doc. 11, pp. 3-4 and 8) and dismissed his remaining claims without prejudice for failure to exhaust prison administrative remedies (doc. 11, pp. 4-8).

The Sixth Circuit has explicitly held that a complaint dismissed in part with prejudice for failure to state a claim, and in part without prejudice for failure to exhaust administrate remedies, qualifies as a strike under § 1915(g). *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007). As a result, plaintiff Freeman is not entitled to *in forma pauperis* status under the PLRA, and his December 9, 2010 motion for reconsideration (doc. 201) is DENIED.

s/Mark R. Abel
United States Magistrate Judge
